979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ron TODD, as Insurance Commissioner of the State of Kansas,
as Administrator of the Health Care Stabilization
Fund, Petitioner,
v.
Patrick F. KELLY, Chief Judge of the United States District
Court for the District of Kansas, Respondent.
Darcy M. AVES, a minor, by and through Dan J. Aves and Faye
E. Aves, her mother and father, natural guardians and next
friends; and Darcy M. Aves, and Dan J. Aves and Faye E.
Aves, individually, Plaintiffs-Appellees,
v.
Nasreen G. SHAH, M.D., Defendant-Appellee,
Ron Todd, Commissioner of Insurance of the State of Kansas,
as Administrator of the Health Care Stabilization
Fund, Appellant.
 Nos. 91-3215, 91-3224.
 United States Court of Appeals, Tenth Circuit.
 Nov. 10, 1992.
 
 Before McKAY, Chief Judge, BALDOCK and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 PER CURIAM.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 These consolidated cases are before us on the court's order to show cause why No. 91-3215 (petition for writ of mandamus) should not be denied and No. 91-3224 (appeal from district court's order directing petitioner-appellant to post a bond in the full amount of the judgment obtained in the district court case on appeal as our No. 91-3206, Aves v. Shah ) dismissed.
 
 
 3
 Pursuant to our order entered August 19, 1991, the Supreme Court of the State of Kansas accepted and has now answered our certified question on the maximum bond required to be posted by the Insurance Commissioner of the State of Kansas and/or the appellant health care provider as a condition for stay of execution of judgment pending appeal. The Supreme Court of the State of Kansas ruled as follows:
 
 
 4
 The answer to the certified question is: (a) To stay execution against the health care provider, the Commissioner must provide a bond in the amount of its statutory liability of not more than $3,000,000 plus interest thereon and costs, and the health care provider must provide a bond for the excess of any judgment over $3,000,000 plus interest on the excess and costs, and (b) the bond of the Commissioner as described in (a) shall be sufficient to stay the enforcement of any claim against the Fund.
 
 
 5
 Todd v. Kelly, 837 P.2d 381, 391 (Kan.1992).
 
 
 6
 The Insurance Commissioner has posted the $3,000,000 bond with the district court. This is all he is required to do in order to stay execution of judgment against the Health Care Stabilization Fund, Kan.Stat.Ann. § 40-3401 et seq., pending our resolution of the underlying appeal in No. 91-3206.
 
 
 7
 Accordingly, the orders of the district court that are the subject of the appeal, No. 91-3224, are REVERSED insofar as they are inconsistent with this order and judgment and otherwise AFFIRMED. The petition for writ of mandamus, No. 91-3215, is DENIED as moot. The matter is REMANDED to the district court for further proceedings on the posting of any additional bond by the health care provider.
 
 
 8
 The mandate in No. 91-3224 shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3